Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000522
05-SEP-2012
09:06 AM

NO. CAAP-12-0000522

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ALLEN VIDAL,
Claimant/Appellant/Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF TRANSPORATION,
Employer/Appellee/Appellee,
and
SPECIAL COMPENSATION FUND,
Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-036(2-04-41062))


ORDER GRANTING THE AUGUST 3, 2012 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of (1) the August 3, 2012 motion by

Employer/Appellee/Appellee State of Hawai'i Department of

Transportation (Appellee State Department of Transportation) to

dismiss this appeal for lack of appellate jurisdiction,

(2) Claimant/Appellant/Appellant Alan Vidal's (Appellant Vidal)

August 9, 2012 memorandum in opposition to Appellee State Department of Transportation's August 3, 2012 motion to dismiss this appeal for lack of appellate jurisdiction, and (3) the record, it appears that Appellee State Department of Transportation's August 3, 2012 motion to dismiss this appeal for lack of appellate jurisdiction has merit, because Appellant Vidal is appealing from a May 2, 2012 decision and order by the Labor and Industrial Relations Appeals Board (the LIRAB)[1] that does not adjudicate all of the issues and end the proceedings in the administrative appeal for Appellant Vidal's workers' compensation claims that is still pending before the LIRAB in Case No. AB 2009-036.

Pursuant to Hawaii Revised Statutes (HRS) § 386-88 (Supp. 2011)[2] and HRS § 91-14(a) (1993 & Supp. 2011),[3] an aggrieved party may appeal a final decision and order by the LIRAB directly to the intermediate court of appeals:

---

[1] On May 2, 2012, the Labor and Industrial Relations Appeals Board (the LIRAB) was composed of Chairperson Roland Q.F. Thom, Member Melanie S. Matsui, and Member David A. Pendleton.

[2] "The decision or order of the appellate board shall be final and conclusive, except as provided in section 386-89, unless within thirty days after mailing of a certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, by filing a written notice of appeal with the appellate board." HRS § 386-88 (Supp. 2011) (in relevant part).

[3] HRS § 91-14(a) (1993 & Supp. 2011) provides:

§ 91-14. Judicial review of contested cases.

(a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law. Notwithstanding any other provision of this chapter to the contrary, for the purposes of this section, the term "person aggrieved" shall include an agency that is a party to a contested case proceeding before that agency or another agency.

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawaiʻi 436, 439, 974 P.2d 1026, 1029 (1999) (citations and some internal quotation marks omitted; emphasis added). The LIRAB's May 2, 2012 decision and order adjudicated only one of the two issues before the LIRAB in this matter. The May 2, 2012 decision and order did not end the proceedings before the LIRAB, and it did not leave nothing further to be accomplished. According to the record on appeal, the LIRAB has yet to enter a final order that adjudicates the remaining issue that the LIRAB will adjudicate in Appellant Vidal's appeal before the LIRAB, namely, whether the Director erred in his January 26, 2009 supplemental decision by denying Appellant Vidal's request for reimbursement of a no-show fee that a physician assessed against Appellant Vidal. Therefore, the May 2, 2012 decision and order is not an appealable order under HRS § 386-88 and HRS § 91-14(a). Although exceptions to the final order requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine) and the collateral order doctrine, the May 2, 2012 decision and order does not satisfy the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay

-3-

doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). Absent an appealable decision and order by the LIRAB, we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that Appellee State Department of Transportation's August 3, 2012 motion to dismiss this appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-12-0000522 is dismissed.

DATED: Honolulu, Hawai'i, September 5, 2012.

Presiding Judge

Associate Judge

Associate Judge